UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WODAJENEH CHERINET,<br><br>*Plaintiff*,<br><br>v.<br><br>ADMINISTRATIVE OFFICE OF THE<br>UNITED STATES COURTS et al.,<br><br>*Defendants*. | Civil Action No. 24-1138 (TJK) |

### MEMORANDUM OPINION

Wodajeneh Cherinet has worked for the Administrative Office of the United States Courts since 2016. He alleges that in 2021, he was not selected for a promotion for discriminatory reasons—the hiring manager, Roy Varghese, hired Vijayalakshumi Balasubramian, a purportedly younger and less-qualified candidate of Varghese's same ethnicity. Cherinet further alleges that, following his non-selection, he filed an administrative complaint that led Balasubramian to retaliate against him. He now brings claims for discrimination and retaliation under Title VII of the Civil Rights Act of 1964 and the Age Discrimination in Employment Act ("ADEA"). Defendants move to dismiss or for summary judgment. The Court agrees the case must be dismissed. Cherinet has failed to show that the Court has subject-matter jurisdiction over any of his claims because he has failed to identify an applicable waiver of sovereign immunity. Thus, it will grant the Defendant's motion and dismiss the case.

**I.     Background**

Cherinet is a 69-year-old Ethiopian man. ECF No. 1 ¶¶ 4.1.1.1–4.1.1.4. He has worked for the Administrative Office of the United States Courts ("AO") since 2016. *Id.* ¶¶ 4.1.1.9–4.1.1.10. He alleges that in June 2021, he applied for a promotion to be the Deputy Chief of the

Case Management System Office, but he was not selected. *Id.* ¶¶ 4.1.2.1–4.1.2.7. Instead, the hiring manager, Varghese, selected Balasubramian. *Id.*; *id.* ¶ 4.1.2.7. Cherinet alleges that his non-selection stemmed from unlawful discrimination, and that Balasubramian was considerably less qualified for the job than him. *Id.* ¶¶ 4.1.2.5–4.1.2.6, 5.2.1. Cherinet attributes her selection to Varghese and Balasubramian's "shared country of origin, India, along with the perception that [Balasubramian] appears younger than [Cherinet]." *Id.* ¶ 5.2.2.

Cherinet then filed a complaint with the AO's Office of Fair Employment Practices, alleging that Varghese unlawfully discriminated against him in hiring Balasubramian. ECF No. 1 ¶¶ 4.1.3.3–4.1.3.6. And unfortunately for Cherinet, he alleges that his complaint only made things worse. He says that following that complaint, Balasubramian, in her new position as Deputy Chief, retaliated against him by purportedly "interrupting and overtaking [his] meetings, ridiculing and defaming [him], interfering with [his] responsibilities," and overruling his decisions "without proper justification." *Id.* ¶¶ 4.1.3.7, 5.3.2.

In April 2024, Cherinet sued the AO, Varghese, and Balasubramian. ECF No. 1. He claims that Defendants violated Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.*; the ADEA, 29 U.S.C. § 621 *et seq.*; the Civil Rights Act of 1991, Pub. L. No. 102–166, 105 Stat. 1071; several provisions of the AO manual; the Administrative Office of the United States Courts Personnel Act of 1990 ("AO Personnel Act"), Pub. L. No. 101-474, 104 Stat. 1097; and "EEOC laws prohibit[ing] punishing job applicants or employees for asserting their rights to be free from employment discrimination." *Id.* ¶¶ 3.1–3.8. Defendants now move to dismiss or for summary judgment. ECF No. 18.

Defendants move to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Id.* at 1. But for the reasons explained below, Defendants' arguments go to the Court's subject-matter

jurisdiction, not the merits. Courts in this district routinely construe mislabeled motions as being brought under the proper rule, at least so long as "both parties have had an opportunity to fully brief the issue at hand," as they have here. *Kim v. United States*, 618 F. Supp. 2d 31, 38 n.7 (D.D.C. 2009), *aff'd in part, rev'd in part on other grounds*, 632 F.3d 713 (D.C. Cir. 2011). Because the Court "concludes that [Cherinet] will not be prejudiced by the Court's consideration of Defendants' motion . . . and that it would benefit neither party to require Defendants to re-file the instant motion" under the proper rule, the Court will construe Defendants' motion as invoking Rule 12(b)(1). *Id.*; *cf. Arbaugh v. Y&H Corp.*, 546 U.S. 500, 501 (2006) ("[C]ourts . . . have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party.").

**II.     Legal Standard**

Under Rule 12(b)(1), the plaintiff has the burden to establish the Court's subject-matter jurisdiction. *DaimlerChrysler Corp. v. Cuno*, 547 U.S. 332, 342 (2006). In evaluating a Rule 12(b)(1) motion, the Court must "assume the truth of all material factual allegations in the complaint and . . . grant[] [the] plaintiff the benefit of all inferences that can be derived from the facts alleged." *Am. Nat'l Ins. Co. v. FDIC*, 642 F.3d 1137, 1139 (D.C. Cir. 2011) (quotation omitted).

When a plaintiff proceeds pro se, a court must construe his filings liberally. *See Bowman v. Iddon*, 848 F.3d 1034, 1039 (D.C. Cir. 2017). Thus, a court must, among other things, consider factual allegations in all the plaintiff's filings, not just his complaint.[1] *See Watson v. D.C. Water & Sewer Auth.*, 249 F. Supp. 3d 462, 464 (D.D.C. 2017); *Brown v. Whole Foods Mkt. Grp., Inc.*, 789 F.3d 146, 152 (D.C. Cir. 2015). Ultimately, though, that lower standard does not absolve the

---

[1] For this reason, the Court will grant Cherinet's Motion for Leave to File Additional Exhibits. ECF No. 24. The Court has considered his extra exhibit, but it does not affect its resolution of Defendants' motion.

3

plaintiff of his burden to plausibly plead facts that establish the subject-matter jurisdiction of this Court. *See Bickford v. United States*, 808 F. Supp. 2d 175, 179 (D.D.C. 2011).

**III.   Analysis**

"'Federal district courts are courts of limited jurisdiction,' possessing 'only that power authorized by Constitution and statute, which is not to be expanded by judicial decree.'" *Young v. Kerrigan*, No. 19-cv-1373, 2025 WL 2305856, at *2 (D.D.C. Aug. 11, 2025) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)). One limit on a court's subject-matter jurisdiction is the doctrine of sovereign immunity, which "bars lawsuits against the United States, its agencies[,] and its employees sued in their official capacities, absent an unambiguous waiver by the federal government." *Boling v. U.S. Parole Comm'n*, 290 F. Supp. 3d 37, 46 (D.D.C. 2017), *aff'd*, No. 17-cv-5285, 2018 WL 6721354 (D.C. Cir. Dec. 19, 2018). In such suits, the plaintiff bears the burden to prove that the United States has waived its sovereign immunity. *Coulibaly v. Kerry*, 213 F. Supp. 3d 93, 123 (D.D.C. 2016). Such a waiver "must be unequivocally expressed in statutory text, . . . will not be implied, . . . [and] will be strictly construed, in terms of its scope, in favor of the sovereign." *Lane v. Pena*, 518 U.S. 187, 192 (1996).

Cherinet sues Defendants—one federal agency and two of its officials—mainly under Title VII and the ADEA. Each contains a limited waiver of sovereign immunity. *Aviles-Wynkoop v. Neal*, 978 F. Supp. 2d 15, 20 (D.D.C. 2013) (Title VII); *Breen v. Peters*, 474 F. Supp. 2d 1, 6–7 (D.D.C. 2007) (ADEA). But those waivers are just that—limited. Thus, consistent with their duty to "strictly construe[]" such waivers, *Lane*, 518 U.S. at 192, courts have found that they do not cover claims that are not authorized by the plain text of each statute. Relevant here, both Title VII and the ADEA expressly limit their coverage to "personnel actions affecting employees or applicants for employment . . . in those units of the judicial branch of the Federal Government having positions in the competitive service." 42 U.S.C. § 2000e-16(a); 29 U.S.C. § 633a(a). The AO "is

4

an arm of the judicial branch." *Isiwele v. HHS*, 85 F. Supp. 3d 337, 353 (D.D.C. 2015).  And the AO Personnel Act exempts all AO positions, including Cherinet's current position and the Deputy Chief position he sought, from the competitive service.  *See* § 3(a), 104 Stat. at 1097 (providing that "the appointment, pay, promotion, and assignment of all [AO] employees" shall be made "without regard to the provisions" in Title 5 of the U.S. Code "governing appointments and other personnel actions in the competitive service").

For these reasons, Cherinet's claims are not covered by Title VII and the ADEA.  *Lawrence v. Staats*, 640 F.2d 427, 431 (D.C. Cir. 1981) ("Title VII 'expressly exempts non-competitive service employees of the Judicial and Legislative Branches'") (quoting *Bethel v. Jefferson*, 589 F.2d 631, 637 n. 29 (D.C. Cir. 1978)); *see also Lewis v. Mauskopf*, No. 22-cv-0189, 2022 WL 16744929, at *3 (D.D.C. Nov. 7, 2022).[2]  And because Defendants have not waived sovereign immunity for these claims, they must be dismissed for lack of subject-matter jurisdiction.  *Young*, 2025 WL 2305856, at *2 (dismissing claim under Title VII for lack of subject-matter jurisdiction because it fell outside § 2000e–16(a)); *cf. Middlebrooks v. Leavitt*, 525 F.3d 341, 344–47 (4th Cir. 2008) ("Congress did not waive sovereign immunity" in suits that fall outside § 2000e-16(a)).

Cherinet also asserts that Defendants violated several provisions of the AO manual, the Civil Rights Act of 1991, the AO Personnel Act, and unspecified "EEOC laws."  ECF No. 1 ¶¶ 3.3–3.8.  But again, he does not identify an applicable waiver of sovereign immunity for any of these

---

[2] In addition, Cherinet all but concedes that his claims are not encompassed by these statutes.  In response to this argument raised by Defendants, ECF No. 18-1 at 12–13, he makes only a conclusory assertion that his "claims fall squarely within the protections afforded by" them.  ECF No. 20 at ¶ 5.2.  But "when a plaintiff files a response to a motion to dismiss but fails to address certain arguments made by the defendant, the court may treat those arguments as conceded, even when the result is dismissal of the entire case."  *Stephenson v. Cox*, 223 F. Supp. 2d 119, 121 (D.D.C. 2002).

claims, so they too must be dismissed for lack of subject-matter jurisdiction.[3]  And finally, even if Cherinet's complaint is construed as bringing a claim under the Administrative Procedure Act, the APA's waiver of sovereign immunity would not apply.  The APA only permits "action[s] . . . stating a claim that *an agency or an officer or employee thereof* acted or failed to act in an official capacity or under color of legal authority."  5 U.S.C. § 702 (emphasis added).  Under the APA, an "agency" excludes "the courts of the United States," *id.* § 701(b)(1)(B), which has been interpreted to extend "to the judicial branch generally," including the AO.  *See Novell, Inc. v. United States*, 109 F. Supp. 2d 22, 25 (D.D.C. 2000).

## IV.   Conclusion

For all the above reasons, the Court will grant Defendants' Motion to Dismiss.  A separate order will issue.

/s/ Timothy J. Kelly
TIMOTHY J. KELLY
United States District Judge

Date: September 23, 2025

---

[3] Bolstering the conclusion that the AO Personnel Act does not contain a waiver of sovereign immunity, Cherinet provides no authority suggesting that it even creates a private cause of action; the statute merely "authorizes the judiciary to manage its own personnel matters," *Pollack v. Duff*, 958 F. Supp. 2d 280, 285 (D.D.C. 2013) (citation omitted).